Filed 1/6/23  P. v. Haun CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

DIANA J. HAUN,

    Defendant and Appellant.

2d Crim. No. B307581
(Super. Ct. No. CR39521)
(Ventura County)

Diana J. Haun appeals the trial court's summary denial of her motion for resentencing relief, rendered without appointment of counsel, pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1]  We conclude that the court properly denied Haun's motion because as an actual killer, she is ineligible for relief pursuant to sections 1172.6 and 189 as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

In 1997, a jury convicted Haun of first degree willful, premeditated, and deliberate murder of Sherri Dally, with a financial gain special circumstance. (§§ 187, subd. (a), 189, 190.2, subd. (a)(1).) The jury also convicted Haun of conspiracy to commit first degree murder and kidnapping. (§§ 182, subd. (a)(1), 207.) It found that she personally used a knife during commission of the offenses, but rejected allegations that she personally used an axe and that the killing was committed while lying in wait. (§§ 12022, subd. (b)(1), 190.2, subd. (a)(15).)

After hearing the penalty phase of the prosecution, the jury returned a verdict setting Haun's punishment as life without possibility of parole. (§ 190.3.) The trial court then imposed this sentence plus a consecutive one-year prison term for the personal knife use enhancement. The court stayed sentences regarding the remaining counts pursuant to section 654.

Haun appealed. We affirmed the judgment in an unpublished opinion. (*People v. Haun* (Nov. 28, 2000, B118146).)[2]

On February 13, 2020, Haun, in propria persona, filed a lengthy petition to vacate her conviction pursuant to section 1172.6. The petition contained a detailed discussion of the evidence presented at trial and a request for appointment of counsel. Haun asserted that the prosecution proceeded pursuant to a theory of felony murder or her reckless indifference to human life. (§ 189, subd. (e)(3).)

On September 3, 2020, the trial court denied Haun's petition without appointing counsel. The court considered the charging document (amended indictment), jury instructions given

---

[2] As requested by the Attorney General. we take judicial notice of the appellate record in *People v. Haun, supra*, B118146.

at trial, the jury verdicts, and our appellate opinion. The court then ruled that Haun, as the "actual killer," acted with "specific intent to kill," and "conspired with her lover to kill his wife." In sum, Haun stabbed the victim to death and moved her body to a remote location. The court determined that the jury received no instructions regarding felony murder or natural and probable consequence murder. The judge stated: "The charging language in the indictment coupled with the jury instructions leave no ambiguity as to the jury's unanimous conclusion that [Haun] was the abductor and killer of Sherri Dally. [¶] . . . [¶] . . . Her conviction simply does not fall within the parameters of [section 1172.6]."

*Evidence of the Underlying Crimes*

Haun and Michael Dally were grocery store coworkers who had a sexual relationship. Michael was married to Sherri and reluctant to divorce her for financial reasons.[3] Haun and Michael took a vacation to Mexico together and, for a time, shared an apartment.

On May 6, 1996, Haun kidnapped Sherri from a Ventura department store parking lot. Haun had purchased handcuffs, a security badge, a blond wig, tan-colored clothing, a camping axe, and sunglasses, among other items, with her credit cards and personal checks. She also rented a teal-colored Nissan Altima sedan from a vehicle rental agency. Haun, dressed in disguise, then kidnapped Sherri from the parking lot by pretending to be a law enforcement officer. Eyewitnesses saw Haun handcuff Sherri and place her inside the Nissan sedan. Michael was working at

---

[3] To ease the readers task and not from disrespect, we will refer to Michael and Sherri Dally by their first names.

the grocery store at the time. Later that evening, a motorist saw Haun sitting in a Nissan sedan near the Canada Larga overpass.

A month later, Sherri's remains were found in a ravine near Canada Larga Road, approximately a 15-minute drive from the department store parking lot. Forensic evidence disclosed that she had been stabbed at least eight times, including in the heart. An injury to her neck suggested an attempted beheading. The medical examiner opined that Sherri died at or about the time of her abduction. Forensic testing of the interior of the Nissan sedan revealed bloodstains consistent with Sherri's DNA.

Michael was the beneficiary of Sherri's life insurance policy and her retirement account. Days after her death, he inquired regarding payouts from the policy and retirement account.

## DISCUSSION

Haun contends that the trial court erred by summarily denying her petition without appointing counsel. She argues in part that the jury may have imputed malice based on her aiding and abetting and lying in wait. (*People v. Maldonado* (2022) 86 Cal.App.5th 43, 50-57.) The Attorney General agrees but asserts that the error is harmless because Haun is ineligible for relief as a matter of law.

A person is entitled to resentencing relief pursuant to section 1172.6 if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine," (2) the petitioner "was convicted of murder," and (3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(1)-(3).) In January 2019, our Legislature amended section 188

4

to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.,* subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)  The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis*, *supra*, 11 Cal.5th 952, 959.) Section 1172.6 provides a procedure for convicted murderers who could not be convicted under the amended law to retroactively seek relief. (*Lewis*, at p. 959.)

Haun filed a resentencing petition and requested the appointment of counsel.  The petition complied with the provisions of section 1172.6 and was "facially sufficient." (*People v. Lewis*, *supra*, 11 Cal.5th 952, 957.)  Accordingly, the trial court erred by summarily denying the petition. (*Ibid.*)

Nevertheless, the deprivation of Haun's statutory right to counsel is harmless error pursuant to *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Lewis*, *supra*, 11 Cal.5th 952, 974.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

The trial court may consider the petitioner's record of conviction, including the court's own documents, in assessing whether a petitioner has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis*, *supra*, 11 Cal.5th 952, 972.)  Haun has not established that if she had been

provided the assistance of counsel, the court would not have summarily denied her petition.  At trial, the court did not instruct regarding felony murder or the natural and probable consequences doctrines.  (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [petitioner not entitled to relief as a matter of law where jury not instructed regarding felony-murder theory or natural and probable consequences theory].)  It did instruct regarding malice aforethought, personal use of a deadly weapon, and premeditated, deliberate murder by Haun personally.  Haun was "the actual killer" of Sherri Dally and was also convicted of conspiracy to commit first degree murder.  (*People v. Lewis*, *supra*, 11 Cal.5th 952, 959.)  As such, error in not appointing counsel is harmless.

*DISPOSITION*

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



BALTODANO, J.

6

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Katera E. Rutledge for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Amanda V. Lopez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.